41

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

United States ,

James E. Kitchen owner of,

U.S. landoffice patent 1774 ,

    Plaintiff[s],

v.

Margaret MS. Noe ,

_____ ,

_____ ,

    Defendants,

_____/

Case: 4:18-cv-12430
Judge: Leitman, Matthew F.
MJ: Whalen, R. Steven
Filed: 08-06-2018 At 02:53 PM
PRIS JAMES KITCHEN V MARGARET NOE (LG)

JUDICIAL NOTICE

U.S.C. Fed. Rules Evid. R. 201

\*\*\* JURY TRIAL DEMANDED \*\*\*

VERIFIED COMPLAINT FOR PROSPECTIVE RELIEF,
EQUITABLE RELIEF, AND DECLARATORY RELIEF

PLAINTIFF GIVES THIS HONORABLE COURT "JUDICIAL NOTICE"

THAT PLAINTIFF IS PURSUING THIS ACTION PURSUANT TO THE COMMON

-LAW AND CONSTITUTIONAL LAW.

I. Introduction

1. This is a 42 U.S.C. § 1983 claim for an original civil procedural due process rights violation. This action filed by Plaintiff James E. Kitchen etal , a State prisoner, alleging violations and deprivation by State actors, acting under the color of State law.

The Respondents deprived Plaintiff of a State-Provided right which creates a right of action against a person[s] who under the color of state law subjects the plaintiff to

( 1 )

the deprivation of procedural Due process rights protected by the United States Federal Constitution, Article IV, sec. 2, and the Bill of Rights Amendment 5, as applied to the State of Michigan through the 14th Amendment.

## II. Jurisdiction

A statute or rule governing the decisions maybe challenged in a Federal action. Because Plaintiff's Federal suit--which challenges not the adverse state-court decision, but the Michigan Court Rule and its parallel statute that they authoritively misconstrued to deny a petitioner a full and fair Hearing.

The issue is of considerable importance to the administration of Federal Constitutional rights and the prevention of erosion of those rights. Also the prevention of a miscarriage of justice for countless future petitioners.

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, in that this is a Federal independent civil action arising under the Constitution of the United States.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(3), in that this action seeking to redress the deprivation and violation by State actors acting under the color of state law to deprive and violate plaintiff's Constitutional rights. Rights secured by Acts of Congress,

(2)

Privileges, and Immunities, Due Process, and Equal Protection
of persons within the jurisdiction of the United States.

3.   Pursuant to Fed. R. Civ. Proc. 8(a)(2), requires only
that the complaint have a short and plain statement of claim
showing that the pleader is entitled to relief.

4.   Pursuant to Fed. R. Civ. Proc. 12(b)(6); A complaint
may not be dismissed under this rule unless no relief may be
granted "under any set of facts that could be proved consistent
with allegations."

5.   Pursuant to Fed. R. Civ. Proc. 56(B)(3); Materials
not cited, the court need only consider the cited materials,
but it may consider other materials in the record.

6.   Pursuant to 28 U.S.C.S. 2201 and 2202; Declaratory
Relief "Further necessary or Proper Relief."

7.   Pursuant to 28 U.S.C.S. § 2283, There may of course
be extraordinary circumstances in which the irreparable injury
can be shown in the absence of the usual prerequisites of bad
faith harassment.

8.   Pursuant to 28 U.S.C.S. § 636(b)(2), Plaintiff objects
to a Magistrate's report and recommendation, because the
Magistrate is not an Article III Judge and lack's the power
to order an injunction even in cases where the district court

(3)

has jurisdiction. The district court cannot by rule promulgated pursuant to 28 U.S.C.S. § 636 confer on a Magistrate jurisdiction to enter an injunction or final order. See **United Steelworkers of America** v. **Bishop**, (1979 CA 5 Ala) 598 F.2d 408.

## III. **Parties**

1.    Plaintiff, _Tomas E Kitchen_ et al, at all times relevant, is confined by the Michigan Department of Corrections (MDOC), at the _ARF-N_.

2.    Defendant, _Margret MS Noe_, at all times relevant, is a Circuit Court Judge for _39th Circuit Court_ of Michigan, acting under the color of State Law at the _39th Circuit_ Courthouse located at _Adrian, Michigan_.

3.    Defendant, The _39th_ Circuit Court (Artificial Person), at all times relevant, is the _39th_ Circuit Court acting under color of State law.

## IV. **Exhaustion of Available Remedies**

1.    In the State of Michigan, by virtue of the State Constitution of 1963, Article 6, § 13, the Circuit Court has original Jurisdiction of the organic English Common-Law Writ of Habeas Corpus without an Appeal process.

2.   No other adequate remedies are provided by Michigan Law.

## V. Factual Statement

1.   On _June 15, 2016_, Plaintiff petitioned the 3rd Circuit Court of _Genesee County_ of Michigan for an organic Common-Law Writ of Habeas Corpus (ad subjiciendum) pursuant to Article 1 sec 12 Michigan Constitution of 1963 and Article 1, sec 9 of the United States Federal Constitution, both of which derived from the English Habeas Corpus Act of 1679. See Exhibit _A_.

2.   On _Aug 11, 2016_, Plaintiff filed a Writ of Mandamus with the Supreme Court of Michigan requesting the Court to Order, Mandate and Compel Judge _Margaret MS Noe_ to adhere to the Constitutional mandates according to the law. The Michigan Supreme Court stamped the Writ of Mandamus "Received and Returned". see Exhibit _B_.

3.   On _July 15, 2016_, Plaintiff filed a brief in opposition and objections to the civil actions being turned over to the Criminal Appellate Division, which is not a proper party in a civil action proceeding in equity.

4.   On _Aug 15, 2016_, Circuit Court Judge _Margaret MS Noe_ held a so called session somewhere other than in open Court to adjudicate the merits of

(nonexisting) claims, (that were not presented to the court), offecting the rights of the parties. The _Sixth_ Circuit Court of ___Genesee_____ Michigan is a Court of record. No transcripts of the proceeding Exist nor were the plaintiff or the Defendant present. Plaintiff's Mandatory English Common-Law Writ of Habeas Corpus right derived from the English Habeas Corpus Act of 1679. The earliest colonies brought it to this Country as part of the Common-Law, and it became and ever since remained the law of the land. It was incorporated in the Constitution of the United States Article 1, sec. 9. It became part of THE Bill of Rights in Article 2 of the Ordinance for the Government of the Northwest Territory (1 Comp. Laws 1929, p. 97), WHICH subsequently became the law of Michigan Territory, and has existed in every Constitution of the State of Michigan. Article 2, sec. 11 Constitution of 1908 and Article 1, sec. 12 of the Constitution of 1963, provides that: "The privilege of the Writ of Habeas Corpus shall not be suspended unless in case of rebellion or invasion the public safety may require it." see **Goetz** v. **Black** 256 Mich. 564 1932 and Exparte **Tom Tong** 2. S.Ct. 371 (1883).

Also, in Article 7, sec. 10. of the 1908 Constitution and now Article 6, sec. 13 of the 1963 Constitution of Michigan: provides the Circuit Court are expressly empowered to grant Writ of Habeas Corpus. The Constitutional provision relative to Habeas Corpus has been termed "A Mandate to the Judiciary to see that no man be deprived of his liberty without a hearing."

see Goetz v. Supra, Parsons v. Russell, 11 Mich. 113, 123, 125 (33 Am. Dec. 723, in which case, as well as in Re Jackson, 15 Mich. 417 the history of the Writ is more fully set forth.

Here, in this case the County Circuit Court Judge denied plaintiff/Petitioner his procedural Due process, rights that are protected by the United State Federal Constitution, Bill of Rights Amendment 5 and 14 by over riding the Supreme Organic Common-Law of the Republic State of Michigan ie. "The Michigan Constitution of 1963 Article 1, sec. 12 and Article 6, sec. 13" and by holding a so called session/hearing without the presents of the plaintiff or the defendant and their is no record of the proceedings, in violation of the 6th Amendment of the United States Federal Constitution, Bill of Rights.

Furthermore, the Circuit Court Judge did not adjudicate the merits of the Acts or omissions that clearly contravene an Express legal requirement in existence at the time of the Acts or omissions by State Authorities ie "the criminal Acts in the original/petition for Writ of Habeas Corpus" that was filed within the Circuit Court see. Exhibit--_A_--- petition for Writ of Habeas Corpus and in Michigan the illegal acts or omissions is what must be proven to establish Habeas Corpus relief and must be committed by the State Authorities in a Defendant/Petitioner's case see. Hamilton case 51 Mich. 174, In re Joseph 206 Mich.659(1919). People v. Price 23 Mich. App. 663 (1970) and Moses v. Dep of Corrections 274 Mich. App. 431 (2007).

Our, United States Supreme Court has dealt with a similar case called **Skinner** v. **Switzer** 131 S. Ct. 1289 (2011), in the **Skinner** case the Supreme Court rule **Skinner** could file a 42 1983 Civil Suit to **Sue** the Court/Judge for a full and fair Hearing, the **Skinner** case dealt with weather the DNA evidence would prove to be inculpatory or exculpatory, the Court determined that the question could only be answered after a full and fair hearing.

Here, in this case, it is the illegal acts that were committed by the State Authorities that could prove to be inculpatory or exculpatory only after a full and fair hearing that conforms with procedural Due process allowing a petitioner to prove the illegal Acts or the Defendant's to disprove the illegal Acts see. **Skinner** Supra and in the original case the issues of the criminal acts committed by State Authorities where never addressed by the Court or Judge and a full and fair Hearing never took place pursuant to Michigan law.

The Writ was ambiguously denied pursuant to MCR 3.303 (D), in other words the Judge took in upon herself to hold a non-existing hearing without the Defendant or the plaintiff present to defend their position concerning the illegal acts that are being alleged to have been committed by State Authorities and the Judge took it upon herself to over ride the Organic Supreme Common-law of the Republic State of Michigan and the Michigan Supreme Court precedent case called **Goetz** v. **Black,** 256 Mich. 564 (1932), with the ambiguous MCR 3.303(D),

in effect suspending the Common-Law Writ with the color of process without a full and fair hearing for Plaintiff or Defendant to present their factual contentions for adjudication and conflict resolution as a fact finding conclusion of law. See Exhibit-C--

## GROUNDS PRESENTED/STATEMENT OF CLAIM

That _Margret M.S. Noe_ and the _39th_ Circuit Court of _Lenawee County_ of Michigan, acted not randomly or without authority under the color of State law that subjected Plaintiff to the violation and deprivation of Procedural Due process, rights guaranteed by the United States Federal Constitution, Bill of Rights 5th Amendment, as applied to the State of Michigan through the 14th Amendment.

Citing the Michigan Court Rule 3.303(D) and its parallel statute, Michigan Compiled Laws 600.4316, that they authoritatively construed to deny the Organic English Common-Law Writ of Habeas Corpus, which had been ruled on by the Michigan Supreme Court to be unaffected by statue. See **In re Lamphere**, 61 Mich. 105; 27 NW2d 392 (1336). By suspending Plaintiff's Mandatory right to be present at a full and fair hearing in a Court of Record to argue the merits of all issues in the original organic English Common-Law Writ of Habeas Corpus (ad subjiciendum), thus denying Plaintiff an adequate remedy to present his factual contentions.

## PROSPECTIVE-INJUNCTIVE REQUESTED

The Plaintiff requests that this Honorable Court grant an expedited prospective injunction against all judges, justices, and co-equal Circuit Court in the State of Michigan to bar them from authoritatively and ambiguously construing MCR 3.303(D) and its parallel statute, MCL 600.4316 (color of process), to the Organic Supreme Common-Law of the Republic State of Michigan Article 1, sec 12. that derived from the English Habeas Corpus Act of 1679, "English Common-Law Writ of Habeas Corpus" (ad subjiciendum) as adopted into Michigan's jurisprudence, which uniquely runs parallel to Article 1, sec 9. of the United States Federal constitution.

So, in a nut shell, the right to the original common-law petition for Writ of Habeas Corpus in the Michigan Constitution of 1963 Article 1, see 12. and the original Common-law Petition for Writ of Habeas Corpus in the United States Federal Constitution Article 1, see 9. came from the same source, ie "the English Habeas Corpus Act of 1679" see. **Goetz Supra**, and **People v. Den uyl**, 320 Mich. 477(1948).

Therefor, to allow MCR 3.303(D) or its parallel statute to be a gateway for the Michigan Judicial system to ambiguously deny a petitioner's Petition for a Common-Law Writ of Habeas Corpus without a full and fair hearing with the Petitioner and defendant present would be allowing a Michigan Court rule and

statute to override and undermine the validity and authority
of the Supreme law of the state Article 1, 12. and the Supreme
law of the land Article 1, sec 9, "all of which is not allowed
by law."

"This situation is unique" because " Michigan was the first
Government created out of the Northwest ordinance establishing
a three branch Government, Legislative, Executive, and Judicial,"
this Government was a Federal territorial Government, the
Michigan Constitution of 1835 was Federal and it was established
in the 1835 Constitution that all contracts, writs, extra will
remain in force even after State hood as if the State never
existed and of course Michigan did not become a State until
1837 and the State of Michigan did not have an official
Constitution with Borders until 1850.

Their are two provisions in the Michigan Constitution of
1835 that would concern us here in this case:

First, Article 1, sec 21 quoting in full, "All acts of
legislature contrary to this or any other article of this
constitution shall be void."

Second, Schedule, preservation of rights of action, process.
quoting in full, "That no inconvenience may arise from a change
of the territorial government to a permanent state government,
it is declared that all Writs, Actions, Prosecutions, Contracts,

Claims, and rights, of Individuals and of Bodies Corporate, shall continue as if no change had taken place in this government; and all process which may, before the organization of the Judicial department under this constitution, be issued under the authority of the territory of Michigan, shall be as valid as if issued in the name of the state.

These two clauses were established in the Michigan Constitution of 1835 to preserve the original Common-Law rights, one of which is the Writ of Habeas Corpus, so as future acts of the state legislature or state court rules could not diminish the common-law rights of The People of the State of Michigan.

Because the color of process denies "a full and fair hearing" to petitioners that properly file a Michigan English Common-Law Petition for Writ OF Habeas Corpus an adequate remedy, extraordinary circumstances are created.

As this court has established, when a Judge violates their Oath, that action proves they are traitors to the Constitution see. **United States** v. **Michigan**, 471 F. Supp, 192 (1979).

At this time there is no plain, adequate, and complete remedy at law, that will prevent an irreparable injury that result unless the requested relief is granted, so **future** petitioners may have an adequate remedy to present their factual contentions and the court, however, has recognized that a Judge

is not absolutely immune from criminal liability, or from a suit
for prospective relief. See Pulliam v. Allen, 104 S. Ct. 1970
(1984).

Also, the 6th Circuit has recently adjudicated a similar
case concerning a Michigan prisoner that sued the Michigan
Supreme Court Justices for injunctive relief claiming that MCR
7.205(B)(3)(b) was unconstitutional.

The U.S. district court dismissed the action, because of the
Rooker-Feldman Doctrine, claiming the district court lacked
jurisdiction to entertain the suit, also the court claimed the
Defendants were entitled to Legislative immunity. The 6th Circuit
also stated that the Plaintiff's federal action concerns an
"independent claim," there is simply no state court judgment that
we are being invited to "review and reject." See Vajk v. Young,
2017 U.S. App. LEXIS 21427. **Addendum**

Here, in this case, Plaintiff's suit claims that the MCR
3.303 and MCL 600.4304, 600.43101 and 600.4316, are all contrary
to Article 6, section 13 of the Michigan Constitution of 1963,
"therefor unconstitutional." Plaintiff also contends that the
State case and the "federal suit are not inextricably
intertwined," this federal suit is not about how the State court
wrongly decided the State case, only about the constitutionality
of the above cited court rules and State statutes, this is an
independent claim. See Vajk, supra.

The Vajk case failed because plaintiff was not entitled to be present for oral argument on appeal, but as the 6th Circuit and the U.S. Supreme Court has stated, a petitioner on the original habeas corpus proceedings is entitled to be present at oral arguments to prosecute his or her case, and to try to prevent any false testimony. See Price v. Johnston, 68 S. Ct. 1049 (1948) and Vajk, supra.

## EQUITABLE RELIEF REQUESTED

Plaintiff requests only that this Honorable Court, *U.S. District Court*, Order the 39th Circuit Court to hold a full and fair hearing transcribed on record with Plaintiff and Defendant present as an adequate remedy for Plaintiff to present his factual contentions, within ninety (90) days or, a time-frame the Court thinks proper.

## DECLARATORY RELIEF

Plaintiff requests this Honorable Court to Grant further necessary or proper relief pursuant to 28 U.S.C.S. § 2201, and § 2202. See Ex parte Young, 209 U.S. 123; ___ S. Ct. 441; 52 L.Ed.2d 714 (1908) and Monell v. Dept. of Social Services of the City of New York, et al., 436 U.S. 658; 98 S. Ct. 2018; 56 L.Ed.2d 611 (1978).

Respectfully submitted,

*James E. Kitchen*

Gus Harrison Correctional Facility
2727 East Beecher Street
Dated: **8-3**_____, 2018  Adrian, Michigan 49221

(14)

Exhibit - A Petition

STATE OF MICHIGAN

IN THE 39TH CIRCUIT COURT

LENAWEE COUNTY, MICHIGAN

JAMES EDWARD KITCHEN, A MAN

   Petitioner/Plaintiff,

V.

PAUL KLEE, WARDEN

   Defendant/Respondent.

                       /

James Edward Kitchen #583372
Petitioner/Plaintiff in Pro Per
Gus Harrison Correctional Facility
2727 East Beecher Street
Adrian, MI  49221-3506

                       /

Paul Klee, Warden
Defendant/Respondent
Gus Harrison Correctional Facility
2727 East Beecher Street
Adrian, MI  49221-3506

                       /

Case No.: _16-5610_ -AH

Honorable: ___HONORABLE___
MARGARET M.S. NOE

PETITION FOR WRIT
OF HABEAS CORPUS



JUN 1 5 2016

Lenawee County Clerk

"JUDICIAL NOTICE"

PETITIONER DOES HEREBY INVOKE COMMON LAW

PETITION FOR A WRIT OF HABEAS CORPUS

    I, James Edward Kitchen, a living breathing man, appearing "specially"

and not generally, grant this Honorable Court the limited power to investigate

the cause of the restraint of my liberties.

    The cause and pretense of Petitioner's unlawful conviction, sentence,

- 1 -

and unlawful restraint of liberty and freedom by Paul Klee, Warden, at the Gus Harrison Correctional Facility located at 2727 East Beecher Street, Adrian, Michigan, 49221, is because the executive branch, i.e., The Michigan Department of Corrections, lacks jurisdiction of the person of one (1) James Edward Kitchen. This is due to the fact the warrant issued by the 53rd Circuit Court Clerk under MCL 769.17 shows a conviction without jurisdiction, because the 89th District Court arraignment was held by Leanna Lacross. Leanna Lacross did not possess the legal authority to act as a Judge in a Court of Record. Also, no plea was offered, accepted, or entered and the judicial act was held on a Sunday. All three acts caused the 89th District Court to lose jurisdiction over the cause and the Defendant's person which cost the 53rd Circuit Court jurisdiction over the cause and the person. The 53rd Circuit Court did not arraign Petitioner, nor did the Court charge Petitioner with a crime. Petitioner did not enter a plea or waive the arraignment.

If the original Court did not acquire lawful jurisdiction over the cause, subject matter, or the person, jurisdiction cannot pass to the next Court, or even the next Court, and so on.

## List of crimes Leanna Lacross committed:

1)   Perjury on her oath of office as an 89th District Court Clerk.

2)   Fraud upon the 89th District Court "for acting as a Judge."

3)   False representation as a Judge in a Court of Record.

4)   False representation of a lawful tribunal.

5)   False impersonation of a Judge in the 89th District Court, a Court of Record, to acquire jurisdiction over a person or property.

- 2 -

6)   False representation of a legal process to acquire jurisdiction over a person or property.

List of jurisdictional defects:

1)   Leanna Lacross was not licensed to practice law within the State of Michigan in a Court of Record as mandated by the Michigan Constitution of 1963, Article 6, Section 19.

2)   Leanna Lacross held Court in a Court of Record, i.e., 89th District Court, Cheboygan County, Michigan, on Sunday. All judicial acts on Sunday are void.

3)   No plea was offered, accepted, or entered on the record at the 89th District Court arraignment held by Leanna Lacross on Sunday, February 29, 2004, in the case of the People of the State of Michigan v. James Edward Kitchen.

4)   James Edward Kitchen was not formally arraigned in the 53rd Circuit Court, Cheboygan, Michigan, and did not waive the right to arraignment on August 23, 2005.

5)   James Edward Kitchen did not enter a plea at the arraignment in the 53rd Circuit Court.

6)   James Edward Kitchen was not formally charged with a crime in the 53rd Circuit Court.

7)   James Edward Kitchen did not waive, nor did the Prosecutor or Court read the charges at the arraignment in the 53rd Circuit Court.

The list of crimes clearly violates the Michigan Constitution of 1963,

- 3 -

Article 1, Sections 2, 17, and 20; the United States Federal Constitution, Article 4, Privileges and Immunities; Bill of Rights; Amendments 4, 5, 9, 10, and 14; MCL 750.217c(1)(7)a,b,c,d,i,ii,iii,(e)i,ii; and several others under the perjury and fraud statute of the Michigan Compiled Laws.

Definition: Contravenes means to act of being counter to; violate.

Our Court of Appeals has stated, "Moreover, to qualify for Habeas Corpus relief, the jurisdictional defect must be radical, rendering the conviction absolutely void." A radical defect in jurisdiction contemplates ... an act or omission by state authorities that clearly contravenes an express legal requirement in existence at the time of the act or omission.

## List of liberties being abridged:

1) Falsely imprisoned by Paul Klee, Warden, at the Gus Harrison Correctional Facility, 2727 East Beecher Street, Adrian, Michigan, 49221.

2) Lack of due process.

3) Denial of equal protection of the law.

4) Restraint of my privileges and immunities guaranteed by the United States Federal Constitution, Article 1, Section 10 and Article 4, Section 2; Bill of Rights; and Amendments 4, 5, 9, 10, and 14, as well as the Michigan Constitution of 1963, Article 1, Sections 2, 17, and 20.

## PRAYER FOR RELIEF

1) Petitioner/Plaintiff prays that this Honorable Court will immediately

- 4 -

convene a hearing to investigate the limits of authority Leanna Lacross possessed and the criminal acts she committed.

2)   To have the Respondents answer the attached Bill of Particulars so that I may submit a full brief in my prosecution of this matter.

3)   To have Respondents show cause on why Leanna Lacross should not have criminal charges filed against her and prosecuted to the fullest extent of the law.

4)   Allow me the equal protection of the law to have my trespasser charged criminally for the illegal restraint of my liberty.

5)   Allow me to have the due process afforded to me by the Supreme Law of the State and the Supreme Law of the Land.

6)   Petitioner/Plaintiff respectfully requests that this Honorable Court recognize the immediate need to issue this Writ of Habeas Corpus so further injury is prevented to all parties involved.

7)   Petitioner/Plaintiff asks this Honorable Court, because of the facts of law proven in this Petition, with Affidavit and attached Exhibits, to release the Order of this Honorable Court, or Judge, to Petitioner/Plaintiff, James Edward Kitchen, and Order Paul Klee, Warden, to release the restraint of liberty that is being imposed upon James Edward Kitchen located at the Gus Harrison Correctional Facility, 2727 East Beecher Street, Adrian, Michigan, 49221.


Respectfully submitted,

*James E. Kitchen*

Dated: June _10_, 2016        JAMES EDWARD KITCHEN #583372
                              Petitioner/Plaintiff in Pro Per


- 5 -

Exhibit-B  Mandamus

THE SUPREME COURT

OF THE STATE OF MICHIGAN

P.O. BOX 30052

LANSING, MI  48909

---

JAMES EDWARD KITCHEN

   Plaintiff/Petitioner,

V.

39TH CIRCUIT COURT AND

MARGARET M.S. NOE, JUDGE

   Defendant/Respondant.

               /

39th Circuit Court of Lenawee County

Original Case No.: 16-5610

Case No.: _____

Honorable Judge: _____

---

James Edward Kitchen #583372
Plaintiff/Petitioner in Pro Per
Gus Harrison Correctional Facility
2727 East Beecher Street
Adrian, MI  49221-3506

---

39th Circuit Court and
Margaret M.S. Noe, Judge
Defendant/Respondent
425 North Main Street
Adrian, MI  49221

---

## WRIT OF MANDAMUS

## "JUDICIAL NOTICE"

## PETITIONER, DO HERBY INVOKE COMMON LAW, ARTICLE 3, SECTION 7

## OF THE MICHIGAN CONSTITUTION OF 1963

    Plaintiff/Petitioner, James Edward Kitchen, Petitions this Honorable

Court to grant this Writ of Mandamus to compel the 39th Circuit Court of

- 1 -

Lenawee County to grant the Writ of Habeas Corpus that Plaintiff/Petitioner filed on June 15, 2016, case number 16-5610.

Plaintiff/Petitioner served the Defendant/Respondent, Paul Klee, on June 21, 2016, the Praecipe, Petition, Bill of Particulars, and Affidavit along with Exhibits A through H.

Plaintiff/Petitioner served the Defendant/Respondent a seven (7) day notice of default on July 5, 2016. Plaintiff/Petitioner avers that the Defendant/Respondent, Paul Klee, has defaulted on July 12, 2016, for failure to answer the Bill of Particulars within the 21 day period as stipulated in the Petition for Writ of Habeas Corpus.

## JURISDICTION

This Honorable Court has jurisdiction to compel the 39th Circuit Court of Lenawee County to grant Plaintiff/Petitioner's Writ of Habeas Corpus, case number 16-5610, pursuant to MCL 600.217, MCR 3.305, and Article 6, Section 4, of the Michigan Constitution of 1963.

## OBLIGATION OF COURT OR JUDGE

The Honorable Margaret M.S. Noe swore an oath under the penalties of perjury to uphold the Michigan Constitution of 1963 and the United States Federal Constitution, Bill of Rights, pursuant to Article 11, Section 1, of the Michigan Constitution of 1963.

## JAMES EDWARD KITCHEN'S GUARANTEED RIGHT

- 2 -

Plaintiff/Petitioner is guaranteed the right to a Writ of Habeas Corpus pursuant to the Michigan Constitution of 1963, Article 1, Section 12, and Moses v. Dep't of Corrections, 274 Mich. App. 481 (2007).

## PROPER METHOD OF PRESERVING THE RIGHT TO HAVE THE
## WRIT OF HABEAS CORPUS HEARD IN THE MICHIGAN SUPREME COURT

Pursuant to the common law of these United States of America, the proper method of requiring a particular Superior Court to hear a Petition for Writ of Habeas Corpus is to seek a Writ of Mandamus in the Supreme Court directing the Superior Court to entertain the Petition.

Failure to invoke such remedy waives any objection to a Superior Court's failue to act on such Petition. See Garrison v. Rhay, 75 WN.2d 98, 449 P.2d 92, 1968 Washington Lexis 586 (Wash. 1968).

Here, Plaintiff/Petitioner avers that the 39th Circuit Court of Lenawee County, Michigan, and the Honorable Judge Margaret M.S. Noe, are obligated by their oath of office, MCL 600.4304, MCL 600.4325, MCL 600.4352, and the Michigan Constitution of 1963, Article 1, Section 12, to grant the Writ of Habeas Corpus.

Here, Plaintiff/Petitioner avers that his 39th Circuit Court case number 16-5610, is guaranteed the right to the Writ of Habeas Corpus pursuant to the Michigan Constitution of 1963, Article 1, Section 12.

## LIST OF GUARANTEED RIGHTS PROTECTED BY THE MICHIGAN CONSTITUTION
## OF 1963, THAT MARGARET M.S. NOE IS VIOLATING

- 3 -

1) Being denied the equal protection of the law, Article 1, Section 2.

2) The right to Petition the Courts, Article 1, Section 3.

3) Neglecting to grant the Writ of Habeas Corpus, that is guaranteed by the Michigan Constitution of 1963, Article 1, Section 12, "effectively suspending it!"

4) By not affording Plaintiff/Petitioner due process of law, Article 1, Section 17.

5) By not affording Plaintiff/Petitioner his common law rights and not enforcing the statute laws now in force, Article 3, Section 7.

6) By not granting Plaintiff/Petitioner's Writ of Habeas Corpus according to Article 6, Section 13.

7) By Judge Margaret M.S. Noe's non-compliance with the Michigan Constitution of 1963, the Judge is subject to Article 6, Section 30, Subsection 2, Misconduct in Office.


## SCHEDULE AND TEMPORARY PROVISIONS OF THE 1963 MICHIGAN CONSTITUTION

Section 16 quoting, "If the revised constitution so submitted receives more votes in its favor that were cast against it, it shall be the supreme laws of the state on and after the first day of January of the year following its adoption."


## LIST OF GUARANTEED RIGHTS PROTECTED BY THE UNITED STATES FEDERAL CONSTITUTION, BILL OF RIGHTS, BEING VIOLATED BY JUDGE MARGARET M.S. NOE

1) Article 4, Section 2, Privileges and Immunities.

2) Amendment 5, double jeopardy, nor be deprived of life, liberty, property without due process of law.

- 4 -

3) Amendment 9, certain rights, shall not be construed to deny or disparage others retained by the people.

4) Amendment 10, the powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people: "the state has the right to make the laws on how the state acquires jurisdiction over their citizens or aliens."

5) Amendment 14, Section 1, Judge Margaret M.S. Noe denied James Edward Kitchen, case number 16-5610, due process and equal protection of the law by suspending Plaintiff/Petitioner's Habeas Corpus and allowing the People of the State of Michigan to abridge Plaintiff/Petitioner's privileges and immunities without lawful jurisdiction.

Any Judge who shall wilfully or corruptly refuse or neglect to consider an application or Petition for Writ of Habeas Corpus shall be deemed guilty of malfeasance in office.

If a verified Petition sets forth in substance the necessary allegations, as provided by statute, it becomes the absolute duty of the Judge to issue the Writ, and in the event of his or her refusal, the Petitioner has a number of remedies.

He can secure relief by asking the Supreme Court of Michigan for an original Writ which would be issued forthwith. See Goetz v. Black, 256 Mich. 564 (1932) Lexis 745.

Although most often inspired by other proceedings, Habeas Corpus nonetheless stands as an independent civil action and not a motion in another proceeding. See State ex rel. Hellige v. Milwaukee Liedertafel, 166 Wis. 277,

279 (1917). The relator, as any other litigant, may choose to pursue his action or abandon it irrespective of whether he has prevailed upon a Judge to order the issuance of the Writ. Maier v. Judge John J. Byrnes, 121 Wis.2d 258 (1984) Lexis 4400.

Here, in this case, Plaintiff/Petitioner has not abandoned his Petition for Writ of Habeas Corpus and is pursuing the prosecution to the fullest extent of the law.

Defendant/Respondent, Paul Klee, has defaulted and the Attorney General has decided not to respond, "as it is a conclusion of law," the Judge must grant the Writ.

Plaintiff/Petitioner set forth in his original Petition, case number 16-5610:

1) Six criminal acts committed by Leanna Lacross.

2) Seven jurisdictional defects.

3) Four liberties being abridged.

Plaintiff/Petitioner has established a meritorious claim, backed up with case law from the Michigan Supreme Court, Michigan Court of Appeals, Federal District Court, United States Supreme Court, Michigan Statutes, Michigan Court Rules, Michigan Constitution of 1963, and the United States Federal Constitution, Bill of Rights.

The Mandamus will issue where a Plaintiff has a clear legal right to performance of the specific duty sought to be compelled and the Defendant has a clear legal duty to perform the act. See Colonka v. State Dept. of Education, 106 Mich. App. 28.

- 6 -

Here, in this case, Plaintiff/Petitioner has a clear legal right to the Writ and Judge Margaret M.S. Noe has a clear legal duty to grant the Writ.

The Michigan Supreme Court has the jurisdiction and power as to issue the Writ pursuant to MCL 600.217(2), Habeas Corpus, and (3) Mandamus.

Michigan Court Rule 3.302, Superintending Control (C) Writs Superseded. A superintending control order replaces the Writ of Mandamus when directed to a Lower Court or Tribunal.

Plaintiff/Petitioner has supplied the Michigan Supreme Court a complete copy of the Petition, case number 16-5610, filed in the 39th Circuit Court of Lenawee County, attached to this Writ of Mandamus, as Exhibit AA.

## LIST OF EXHIBITS

Writ of Habeas Corpus which the Clerk of Lenawee County kept.

Praecipe to the Clerk.

Petition for Writ of Habeas Corpus.

Bill of Particulars.

Affidavit of James Edward Kitchen with Exhibits A through H.

Notice to the 39th Circuit Court Clerk pursuant to MCR 2.603(A)(1) and (3).

**EXHIBIT A)** Expedited Legal Mail Receipt dated June 10, 2016.

**EXHIBIT B)** Expedited Legal Mail Receipt dated June 21, 2016.

**EXHIBIT C)** Expedited Legal Mail Receipt dated July 8, 2016.

**Action 1)** Affidavit of James Edward Kitchen proving service.

**Action 2)** Notice of Request to a Default Judgment pursuant to MCR 2.603(B)(1)(b).

**Action 3)** Affidavit of Non-Military status by James Edward Kitchen.

- 7 -

**Action 4)** Summons pursuant to MCR 2.102 and MCR 6.193.

**Action 5)** Subpoena and Order to Attend, Notice of Hearing pursuant to MCR 2.506.

**Action 6)** Motion for Default Judgment pursuant to MCR 2.603(A)(3)(B) and (4)(C).

**Action 7)** Affidavit of Absolute Waiver of Fees and Costs pursuant to MCR 2.002(D), "Indigent Status."

**Action 8)** Copy of Petitioner, James Edward Kitchen's, trust account for a one (1) year period.

**Action 9)** Respondent's Brief in Opposition to Petitioner's Petition.

**Action 10)** Petitioner's Response to the Defendant's Brief in Opposition to Petitioner's Petition for Writ of Habeas Corpus.

**ACTION 11)** Defendant's answer to Plaintiff's Petition for Writ of Habeas Corpus.


## CONCLUSION


Plaintiff/Petitioner, James Edward Kitchen, asks this Honorable Court or Judge of the Michigan Supreme Court to grant the Writ of Mandamus to compel Judge Margaret M.S. Noe to grant the Writ of Habeas Corpus, case number 16-5610, or take superintending control of the case and compel Judge Margaret M.S. Noe to grant the Writ or alternatively, the Supreme Court of Michigan must grant the Writ of Habeas forthwith as an original Petition.


Respectfully submitted,

*James E. Kitchen*

James Edward Kitchen #583372
Plaintiff/Petitioner in Pro Per

Dated: August 11, 2016

- 8 -

Exhibit - C   order

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

JAMES EDWARD KITCHEN #583372

          Plaintiff,

vs.

                                   File No. 16-5610-AH

PAUL KLEE, WARDEN,

          Defendant.

_____/

## O R D E R

At a session of said Court held at the Courthouse in the City of
Adrian, County of Lenawee, and State of Michigan on this 15th
day of August, 2016.

PRESENT:    HONORABLE MARGARET M.S. NOE, Circuit Judge

       The Court having reviewed Plaintiff's Petition for Writ of Habeas Corpus to Inquire into

Cause of Detention, Defendant's Answer and Brief in Support, and the Court being fully advised

in the premises;

       The Court finds that the Plaintiff requests a writ of habeas corpus arguing that his restraint

is illegal because of the presiding judge in this matter was not licensed with the British Accredited

registry system, that Defendant was not properly arraigned, and that no plea was offered, accepted

or entered, and that the hearings took place on a Sunday.  The Court finds that Defendant was

found guilty by jury.

       After review of the record, the court file, the instant motions and responses, the Court finds

that there has been no radical defect which would render a judgment or proceeding absolutely

void.  The Court finds that Petitioner is attempting to appeal his conviction and sentence by way

of a writ of habeas corpus.  Further, the Court finds that Petitioner has failed to establish any

credible basis for his argument that his confinement is unconstitutional. Therefore, the Court finds

that the Plaintiff has failed to establish that his restraint is illegal and his motion for writ of habeas

corpus should be denied.

**IT IS HEREBY ORDERED** that the Plaintiff's Petition for Writ of Habeas Corpus to

Inquire into Cause of Detention is **DENIED** pursuant to MCR 3.303(D) for the reason that this

Court finds that the plaintiff is not entitled to the relief requested.

HON. MARGARET M.S. NOE
CIRCUIT COURT JUDGE
Dated:    August 15, 2016

JAMES EDWARD KITCHEN #583372
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, MI 49221

Paul Klee, Warden
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, MI 49221

Attorney General, Corrections Division
PO Box 30217
Lansing, MI   48909

STATE OF MICHIGAN)
COUNTY OF LENAWEE)
I hereby certify that on the 15 day of Aug 2016
I served a copy of _____ upon the
following persons at their last known address
by mailing a copy regular mail, postage fully
prepaid. Kitchen, Klee,
Atty gen corr div

Signed: _____

Addendum - Vajk case

Lexis Advance®

## Document:Vajk v. Young, 2017 U.S. App. LEXIS 21427

# Vajk v. Young, 2017 U.S. App. LEXIS 21427

### Copy Citation

United States Court of Appeals for the Sixth Circuit

October 26, 2017, Filed

No. 17-1509

**Reporter**

**2017 U.S. App. LEXIS 21427 \***

WILLIAM J. VAJK, Plaintiff-Appellant, v. ROBERT P. YOUNG, JR., et al., Defendants-Appellees.

**Notice:** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**Subsequent History:** Rehearing denied by Vajk v. Young, 2017 U.S. App. LEXIS 23544 (6th Cir., Nov. 21, 2017)

**Prior History:  [\*1]** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN.
Vajk v. City of Iron River, 497 Mich. 1011, 861 N.W.2d 899, 2015 Mich. LEXIS 1030 (Apr. 28, 2015)

## Core Terms

district court, state court, Appeals, oral argument

---

## Case Summary

**Overview**

HOLDINGS: [1]-The district court did not lack subject-matter jurisdiction under the Rooker-Feldman doctrine because a constitutional challenge to Mich. Ct. R. 7.206(E)(3)(b) did not look to a Michigan state court decision as the source of a claimed injury, given the absence of any constitutional argument in the state courts and the difference between enforcing and enacting a rule; [2]-The claim failed on the merits because the challenged rule, which provided that appellate court panels hearing certain claims that pertained to local taxes could deny relief or grant peremptory relief without oral argument, did not violate due process or equal protection by dispensing with oral argument.

**Outcome**

Judgment and order affirmed.

---

▼   LexisNexis® Headnotes

Civil Procedure > Appeals ▼ > Oral Arguments ▼

***HN1***⚖ **Appeals, Oral Arguments**
Mich. Ct. R. 7.206(E)(3)(b) provides that appellate court panels hearing Headlee Amendment claims may deny relief or grant peremptory relief without oral argument. 🔍
More like this Headnote

*Shepardize* - Narrow by this Headnote

Civil Procedure > Appeals ▼ > Standards of Review ▼ > De Novo Review ▼

Civil Procedure > ... > Responses ▼ > Defenses, Demurrers & Objections ▼

> Motions to Dismiss ▼

### HN2⬇ Standards of Review, De Novo Review
An appellate court reviews de novo a district court's dismissal under Fed. R. Civ. P. 12(h)(3) for lack of subject-matter jurisdiction. 🔍 More like this Headnote

*Shepardize* - Narrow by this Headnote

Civil Procedure > Judgments ▼ > Relief From Judgments ▼

> Altering & Amending Judgments ▼

### HN3⬇ Relief From Judgments, Altering & Amending Judgments
A Fed. R. Civ. P. 60(b) motion may be construed as being brought under Fed. R. Civ. P. 59(e) when it was filed within the time period allowed for seeking Rule 59(e) relief. 🔍 More like this Headnote

*Shepardize* - Narrow by this Headnote

Civil Procedure > Judgments ▼ > Relief From Judgments ▼

> Altering & Amending Judgments ▼

Civil Procedure > Appeals ▼ > Standards of Review ▼

### HN4⬇ Relief From Judgments, Altering & Amending Judgments
An appeal from the denial of a Fed. R. Civ. P. 59(e) motion is generally treated as an appeal from the underlying judgment itself. 🔍 More like this Headnote

*Shepardize* - Narrow by this Headnote

Civil Procedure > ... > Preclusion of Judgments ▼ > Full Faith & Credit ▼

> Rooker-Feldman Doctrine ▼

### HN5⬇ Full Faith & Credit, Rooker-Feldman Doctrine
Under the Rooker-Feldman doctrine, district courts lack subject-matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments. To determine whether the Rooker-Feldman doctrine is applicable, courts must look to the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction. 🔍 More like this Headnote

*Shepardize* - Narrow by this Headnote

Constitutional Law > ... > Fundamental Rights ▼ > 📄 Procedural Due Process ▼ > 📄
Scope of Protection ▼

**HN6⬇ Procedural Due Process, Scope of Protection**
The Constitution does not require oral argument in all cases. Oral argument on appeal is not an essential ingredient of due process. 🔍 More like this Headnote

*Shepardize* - Narrow by this Headnote

**Counsel:** WILLIAM J. VAJK, Plaintiff - Appellant, Pro se, Iron River, MI.

For ROBERT P. YOUNG, JR., STEPHEN J. MARKMAN, BRIAN K. ZAHRA, BRIDGET MARY

MCCORMACK, DAVID F. VIVIANO, RICHARD BERNSTEIN ▼, JOAN L. LARSEN, Defendants -

Appellees: Adam Lee Spinelli Fracassi, Office of the Attorney General of Michigan, Lansing, MI.

**Judges:** Before: ROGERS ▼, SUTTON ▼, and BUSH, Circuit Judges.

## Opinion

ORDER

William J. Vajk, a Michigan resident proceeding pro se, appeals both the district court's judgment dismissing his 42 U.S.C. § 1983 civil rights action and its subsequent order denying reconsideration of the judgment. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2014, Vajk filed a Headlee Amendment 1⬇ complaint in the Michigan Court of Appeals against the city of Iron River, Michigan. He contended that he was improperly charged water and sewage fees despite having his water shut off. The Michigan Court of Appeals denied relief without oral argument pursuant to *HN1*☎ Michigan Court Rule 7.206(E)(3)(b), which provides that appellate court panels hearing Headlee Amendment Claims "may deny relief or grant peremptory relief without oral argument." **[*2]** The Michigan Supreme Court denied him leave to appeal.

In 2016, Vajk filed the current action against Michigan Supreme Court Justices Robert Young, Stephen Markman, Brian Zahra ▼, Bridget McCormack ▼, David Viviano ▼, Richard Bernstein ▼, and Joan Larsen ▼. He alleged that Michigan Court Rule 7.206(E)(3)(b) is unconstitutional, and that, by enacting the rule, the defendants deprived him of the opportunity to present his case before the Michigan Court of Appeals and the Michigan Supreme Court. Asserting that the Court of Appeals judgment was void, he sought an order declaring Michigan Court Rule 7.206(E)(3)(b) unconstitutional, his court costs, and damages. The district court dismissed the case sua sponte pursuant to Federal Rule of Civil Procedure 12(h)(3), finding that it lacked jurisdiction under the *Rooker-Feldman* doctrine. *See D.C. Ct. App. v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923). The district court additionally determined that the defendants were entitled to legislative immunity. Vajk filed a motion seeking reconsideration of the district court's judgment pursuant to Federal Rule of Civil Procedure 60(b)(4), contending that the judgment was void. The district court denied the motion. Vajk now appeals from both the underlying judgment and the district court's order denying his postjudgment motion.

Vajk argues that the district court misconstrued his allegations and that the *Rooker-Feldman* **[\*3]** doctrine is inapplicable because he did not raise a challenge to any of his adverse state court judgments. He also disputes the district court's conclusion that the defendants are entitled to legislative immunity. Finally, he requests that this court order the district court, on remand, to transfer his case to the United States District Court for the Western District of Wisconsin due to judicial bias.

*HN2* We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12 (h)(3) for lack of subject-matter jurisdiction. *Janis v. Ashcroft*, 348 F.3d 491, 492 (6th Cir. 2003). Although Vajk is also appealing the denial of his Rule 60(b) motion, *HN3* we may construe his motion as being brought under Federal Rule of Civil Procedure 59(e) because it was filed within the time period allowed for seeking Rule 59(e) relief. *See Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1047-48 (6th Cir. 2001); Fed. R. Civ. P. 59(e). Because *HN4* an appeal from the denial of a Rule 59(e) motion is generally "treated as an appeal from the underlying judgment itself" and because Vajk is not raising independent challenges to the denial of his postjudgment motion, we review de novo the entirety of Vajk's appeal. *See Bonner v. Metro. Life Ins. Co.*, 621 F.3d 530, 532 (6th Cir. 2010).

*HN5* Under the *Rooker-Feldman* doctrine, district courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced **[\*4]** and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). To determine whether the *Rooker-Feldman* doctrine is applicable, courts must look to "the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

The district court incorrectly determined that it lacked subject-matter jurisdiction under the *Rooker-Feldman* doctrine. Vajk argues that Michigan Court Rule 7.206(E)(3)(b) violates the Due Process and Equal Protection Clauses of the U.S. Constitution. That argument does not look to a Michigan state court decision as the source of Vajk's injury. First, Vajk never argued to the Michigan state courts that Rule 7.206(E)(3)(b) is unconstitutional. He merely applied for leave from the Michigan Supreme Court to appeal the Michigan Court of Appeals decision dismissing his complaint under the Rule. Because this federal action concerns an "independent claim," there's simply no state court judgment that we are being invited to "review and reject[]." *Exxon Mobil*, 544 U.S. at 284, 293. Second, even if we imagine that the state courts impliedly passed on the constitutional issue by applying the Rule or ratifying its application, Vajk would not be asking **[\*5]** us to overturn a state court judgment. By enforcing Rule 7.206(E)(3)(b), "[t]he state court[s] simply ratified [or] acquiesced in" that Rule. *In re Smith*, 349 F. App'x 12, 18 (6th Cir. 2009) (Sutton ▾, J., concurring in part and dissenting in part) (quotation omitted) (cited in *Skinner v. Switzer*, 562 U.S. 521, 532, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011)). Vajk complains about the Michigan Supreme Court Justices' decision to *enact* the Rule in the first place.

*Rooker-Feldman* does not bar federal courts from hearing Vajk's claim. But we nevertheless find that his claim fails on the merits. *HN6* "[T]he Constitution does not require oral argument in all cases." *FCC v. WJR, The Goodwill Station, Inc.*, 337 U.S. 265, 276, 69 S. Ct. 1097, 93 L. Ed. 1353 (1949); *see also Price v. Johnston*, 334 U.S. 266, 286, 68 S. Ct. 1049, 92 L. Ed. 1356 (1948) ("Oral argument on appeal is not an essential ingredient of due process."). Just look to the first paragraph of this order: Every day, federal courts across this country dispense with oral argument pursuant to Federal Rule of Appellate Procedure 34(a). No court has suggested that *that* rule somehow violates the Constitution. We will not impugn Michigan's similar provision.

We therefore **AFFIRM** the district court's judgment and its order denying Vajk's postjudgment motion. We **DENY** as moot Vajk's request for a remand.

---

Footnotes

1 *

The term "Headlee Amendment" refers to a series of provisions in the Michigan Constitution that restrict the ability of local governments and local government units to levy new taxes or raise the rate of existing taxes. *See Bolt v. City of Lansing*, 459 Mich. 152, 587 N.W.2d 264, 268 (Mich. 1998).

**Content Type:** Cases

**Terms:** 2017 u.s. app lexis 21427

**Narrow By:** Sources: Sources

**Date and Time:** Jun 06, 2018   08:19:36 a.m. CDT

LexisNexis·

About LexisNexis®

Privacy Policy

Terms & Conditions

Sign Out

Copyright © 2018 LexisNexis. All rights reserved.

RELX Group™

James E. Kitchen #583372
Gus Harrison Corr Facility
2727 East Beecher St.
Adrian, Michigan 49221

U.S. District Court
For the Eastern District of Michigan
Office of the Clerk
Theodore Levin U.S. Courthouse
231 West Lafayette BLVD Room 564
Detroit, Michigan

[48226]

RECEIVED
AUG - 6 2018
CLERK'S OFFICE
U.S. DISTRICT COURT





# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| **Case No.** 18-12430 | **Judge:** Matthew F. Leitman | **Magistrate Judge:** R. Steven Whalen |

| **Name of 1st Listed Plaintiff/Petitioner:**<br><br>JAMES E. KITCHEN | **Name of 1st Listed Defendant/Respondent:**<br><br>MARGARET M.S. NOE |
|---|---|
| **Inmate Number:** 583372 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:**<br><br>Gus Harrison Correctional Facility<br>2727 E. Beecher Street<br>Adrian, MI 49221<br>LENAWEE COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   - ☐ Yes          ☒ **No**
   - ➤ **If yes, give the following information:**
     - Court: _____
     - Case No: _____
     - Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   - ☐ Yes          ☒ **No**
   - ➤ **If yes, give the following information:**
     - Court: _____
     - Case No: _____
     - Judge: _____

MIED (Rev. 07/06)  Civil Cover Sheet for Prisoner Cases