UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES KITCHEN,

    Plaintiff,                        Civil No. 18-cv-12430
v.                                           Hon. Matthew F. Leitman

MARGARET NOE,

    Defendant.
_____/

## ORDER (1) SUMMARILY DISMISSING COMPLAINT (ECF #1) AND (2) HOLDING THAT APPEAL CANNOT BE TAKEN IN GOOD FAITH

Plaintiff James Kitchen is a Michigan inmate confined at the Gus Harrison Correctional Facility. On August 6, 2018, Kitchen filed a *pro se* Complaint in this Court pursuant to 28 U.S.C. § 1983. (*See* Compl., ECF #1.) The Court granted Kitchen's application to proceed *in forma pauperis*, and he is proceeding without prepayment of the filing fee in this action pursuant to 28 U.S.C. § 1915(a)(1). (*See* ECF #5.)

In Kitchen's Complaint, he claims that Defendant Margaret Noe, a Lenawee Circuit Court Judge, did not fully and fairly adjudicate his state petition for a writ of habeas corpus. (*See* Compl., ECF #1.) Kitchen seeks injunctive relief in the form of an order compelling the Lenawee Circuit Court to afford him a full and fair hearing in which he is personally present and allowed to present his factual

1

contentions in support of his state habeas petition. (*See id.*) The Court has carefully reviewed the Complaint, and for the reasons stated below, it **DISMISSES** this action.

I

Civil complaints filed by *pro se* prisoners are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *See Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *see also McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). Likewise, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that is frivolous or malicious, fails to state a claim upon which relief may be granted, and/or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

II

Kitchen's claims concern the manner in which Defendant adjudicated his state petition for a writ of habeas corpus in the Lenawee Circuit Court. He asserts that the Defendant erroneously disposed of the petition and denied Kitchen the opportunity to be personally present and to present his factual allegations to the state court. However, Kitchen's claims fail because Defendant is entitled to judicial immunity.

Judges are generally entitled to absolute judicial immunity on claims for damages. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages"); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996) ("It is well established that judges performing adjudicatory functions are absolutely immune from suits for money damages"). And in 1996, Congress amended Section 1983 to extend this absolute immunity to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."). *See also Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003) ("Absolute immunity in *Bivens* actions against federal judges has also been extended to requests for injunctive relief"); *Kircher v. City of Ypsilanti*, 458 F.Supp.2d 439, 446-47 (E.D. Mich. 2006) ("Plaintiff contends that judicial immunity extends only to suits for damages, while he seeks only equitable relief in his claims against the Judicial Defendants. Plaintiff's argument, however, overlooks an amendment to § 1983 that was enacted fully ten years ago, and which expressly precludes the award of injunctive relief he seeks against the Judicial Defendants in this case").

Kitchen's claims squarely relate to Defendant's "adjudicatory functions" *Collyer*, 98 F.3d at 221, and actions Defendant took in her "judicial capacity." 42

U.S.C. § 1983. Accordingly, Defendant is entitled to judicial immunity in this action. Kitchen's Complaint is therefore subject to summary dismissal under 28 U.S.C. § 1915A(b) because it fails to state a viable claim and seeks relief from a defendant who is immune from such relief.

### III

For all of the reasons stated above, Kitchen's Complaint (ECF #1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith. *See* 28 U.S.C. § 1915(a)(3). *See also McGore*, 114 F.3d at 611. For the same reasons that the Court dismisses the action, the Court concludes that Kitchen could not appeal this order in good faith.

Dated: October 9, 2018

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 9, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764