UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES KITCHEN,

      Plaintiff,                              Civil No. 18-cv-12430
                                           Hon. Matthew F. Leitman

v.

MARGARET NOE,

      Defendant.

_____/

## **ORDER DENYING MOTION FOR RECONSIDERATION (ECF #9)**

Plaintiff James Kitchen is a Michigan inmate confined at the Gus Harrison Correctional Facility. On August 6, 2018, Kitchen filed a *pro se* Complaint in this Court pursuant to 28 U.S.C. § 1983 ("Section 1983"). (*See* Compl., ECF #1.) The Court granted Kitchen's application to proceed *in forma pauperis*, and he is proceeding without prepayment of the filing fee in this action pursuant to 28 U.S.C. § 1915(a)(1). (*See* ECF #5.)

In Kitchen's Complaint, he claims that Defendant Margaret Noe, a Lenawee Circuit Court Judge, did not fully and fairly adjudicate his state petition for a writ of habeas corpus. (*See* Compl., ECF #1.) Kitchen seeks injunctive relief in the form of an order compelling the Lenawee Circuit Court to afford him a full and fair hearing in which he is personally present and allowed to present his factual contentions in

1

support of his state habeas petition. (*See id.*) More specifically, the section of Kitchen's Complaint captioned "Equitable Relief Requested," provides as follows:

> EQUITABLE RELIEF REQUESTED
>
> Plaintiff requests only that this Honorable Court, "U.S. District Court", Order the 39th Circuit Court to hold a full and fair hearing transcribed on record with Plaintiff and Defendant present as an adequate remedy for Plaintiff to present his factual contentions, within ninety (90) days or, a timeframe the Court thinks proper.

(Complaint, ECF #1 at Pg. ID 14.)

In an order dated October 9, 2018, the Court summarily dismissed Kitchen's Complaint on the ground that he may not seek injunctive relief under Section 1983 against Judge Noe, a state court judicial officer, based upon acts and omissions taken in her judicial capacity. (*See* Order, ECF #6.) Kitchen has now filed a motion for reconsideration. (*See* Mot., ECF #9.)

In the motion for reconsideration, Kitchen does not dispute the Court's conclusion that he may not seek the injunctive relief he requested against Judge Noe in this action brought under Section 1983. Instead, Kitchen argues that the Court misconstrued the nature of his claim. He says that his claim is, in reality, a constitutional attack on Rule 3.303 of the Michigan Court Rules (governing state court habeas corpus proceedings) and Michigan Compiled Law § 600.4316

(addressing the issuance of show cause orders in state court habeas corpus proceedings). And he insists that he *may* attack the constitutionality of the rule and statute in this Section 1983 action. The Court disagrees.

Section 1983 provides a cause of action for alleged violations of *federal* constitutional rights, but Kitchen challenges the rule and statute on *state* constitutional grounds. In his words, his Complaint "demonstrat[es] the [sic] MCR 3.303 and MCL 600.4136 are both unconstitutional according to the *current* Michigan *State* Constitution (1963), Article I, S12 and Article VI, S13, of which this Court can entertain!" (Mot., ECF #9 at Pg. ID 84.) (First Emphasis in Original; Second Emphasis Added.) Kitchen's state-law based attack on the state court rule and statute is not cognizable under Section 1983.

Kitchen does sprinkle references to the federal constitution into his Complaint, but he does not plausibly allege that the state court rule and statute actually violate the federal constitution. Indeed, the thrust of the Complaint is that the Michigan State Constitution incorporates certain longstanding common-law rules and that the state court rule and statute are inconsistent with those incorporated rules. (*See* Compl., ECF #1.) Moreover, Kitchen's motion for reconsideration does not offer any plausible arguments as to how the state court rule and statute violate the federal constitution. Ironically, Kitchen attaches to his motion a decision from another Judge of this Court explaining that a Michigan prisoner, like himself, has *no*

3

federal due process right to any particular state court habeas procedures. (See Motion, ECF #9 at Pg. ID 54-55, attaching *Stevens v. Anzalone*, E.D. Mich. Civ. Action No. 18-10619, dated April 10, 2018.) Kitchen fails to explain how his claim can survive in light of the rule cited and applied in one of the key cases he relies upon.

Simply put, Kitchen has not even come close to plausibly calling into question the (federal) constitutionality of the state court rule and statute he attacks. Thus, even if the Court corrected its alleged failure to recognize the true nature of his claim – as an attack on the state court rule and statute rather than as a request to compel Judge Noe to hold a hearing – Kitchen's Complaint would still be subject to summary dismissal. Thus, he is not entitled to reconsideration. *See* Local Rule 7.1(h) (reconsideration appropriate only where correcting the alleged error would result in a different disposition). Accordingly, Kitchen's motion for reconsideration is **DENIED.**

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 3, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 3, 2019, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (810) 341-9764